IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BILLY RAY TATUM | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv224 |
| R. CHILDRESS, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Billy Ray Tatum, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled *Bivens*-type action[1] against R. Childress and S. Langford.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed for want of prosecution.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff brought the above-styled *Bivens*-type action against R. Childress and S. Langford. However, plaintiff has failed to provide the court with information necessary to serve the defendants in accordance with FED. R. CIV. P. 4. In response to the court's notice of the inability to serve the defendants and order to provide a current address at which each defendant may be served, plaintiff asserts that he now wishes to "replace or add Warden Francisco J. Quintana and Associate Valerie Martin as the defendants to Plaintiff's complaint." Additionally, plaintiff "moves the Court to add G. Matherson as a defendant. He is head of Unicor Diesel Remanufacturing . . .."

The defendants plaintiff now wishes to add apparently succeeded defendants Childress and Langford in their positions, and plaintiff states "are in position to handle all past work lefted (sic) behind by them." However, "a *Bivens* claim is available only against government officers in their individual capacities." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 n. 12 (5th Cir. 1994). In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1990). None of the proposed defendants participated in the alleged acts of misconduct. Further, any claim against such defendants is barred by limitations.

"A *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The Fifth Circuit Court of Appeals, applying Texas law, held that the statute of limitations period on a *Bivens* claim is two years. *Id.; Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Further, the Federal Tort Claims Act (FTCA) also applies a two-year statute of limitations from the accrual date of the cause of action. *See* 28 U.S.C. § 2401(b).

Here, plaintiff complains of incidents occurring on or before April 20, 2003. However, plaintiff did not attempt to name the individuals as defendants until more than three years after the incidents which form the basis of his complaint. Before determining whether the statute of limitations would bar any claim by plaintiff against any new defendants, the court must consider whether FED. R. CIV. P. 15(c) applies to cause plaintiff's claim against such defendants to "relate back" to when he filed his original complaint.

Rule 15(c) provides as follows:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 4(m) provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff show good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, in order for plaintiff's claims now barred by limitations against any new defendants to relate back to the date he filed his original complaint: (a) the claims asserted must have arisen out of the same conduct set forth in the original pleading and (b) the defendant must have, within 120

days after plaintiff filed his complaint, received: (1) notice of the action such that he would not be prejudiced in maintaining a defense on the merits and (2) knew or should have known that the action would have been brought against him, but for a mistake concerning the identity of the proper party.

Here, as previously stated, the new defendants did not participate in the conduct which forms the basis of this complaint. Further, plaintiff fails to establish that any of the new defendants received notice of the lawsuit within the time prescribed by Rule 4. Accordingly, plaintiff's attempt to amend the complaint fails to satisfy the requirements of Rule 15(c). Therefore, plaintiff's claims are barred by limitations.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **12** day of **July, 2007.**

_____
Ron Clark, United States District Judge